No. 12-16807

# United States Court Of Appeals For The Ninth Circuit

STEPHEN **CHOHRACH**, et al.,

*Plaintiffs and Appellants,*

vs.

**BANK OF AMERICA, N.A.**, et al.,

*Defendants and Appellees.*

*Appeal from a Summary Judgment of the United States District Court,
Eastern District of California, No. 1:10-cv-02029-DLB
Hon. Dennis L. Beck, United States District Judge*

# Appellees' Brief

Jan T. Chilton (State Bar No. 47582)
Jon D. Ives (State Bar No. 230582)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants and Appellees
Bank of America, N.A. and BAC Home Loans Servicing, LP

# CORPORATE DISCLOSURE STATEMENT
[Fed. R. App. 26.1]

Pursuant to Fed. R. App. P. 26.1, defendants and appellees state:

1.     Bank of America Corporation, a publicly held corporation, directly or indirectly owns 10% or more of Bank of America, N.A.

2.     Bank of America, N.A. is successor by merger to BAC Home Loans Servicing, LP (erroneously sued as BAC Home Loans Servicing, Inc.).

# TABLE OF CONTENTS

Page

I.    JURISDICTIONAL STATEMENT .................................................................1

II.   ISSUE FOR REVIEW ....................................................................................1

III.  STATEMENT OF THE CASE .......................................................................1

      A.    Substantive Facts .............................................................................1

      B.    Proceedings Below ...........................................................................3

IV.   STANDARDS OF REVIEW ..........................................................................4

V.    SUMMARY OF ARGUMENT .......................................................................5

VI.   THE DISTRICT COURT PROPERLY GRANTED SUMMARY
      JUDGMENT ON THE CHOHRACHS' FRAUD CLAIM ...........................7

      A.    The Chohrachs Cannot Evade Summary Judgment Based On
            Newly Minted Claims Not Made In Their Complaint ........................7

      B.    The Alleged Representation That The Loan Obtained Was The
            Same As A 30-Year Fixed Rate Loan Is Time-Barred ....................10

      C.    The Chohrachs Offer No Evidence Or Argument
            Demonstrating They Relied On The Supposed Statement That
            The Loan Obtained Was The Same As A 30-Year Fixed Rate
            Loan .................................................................................................14

      D.    The Chohrachs Offered No Evidence That The Alleged
            Representation That They Could Refinance At Any Time Was
            Untrue When Made Or That They Justifiably Relied On It ...............16

VII.  SUMMARY JUDGMENT WAS PROPERLY GRANTED ON THE
      DERIVATIVE SECTION 17200 CLAIM ....................................................20

VIII. THE CHOHRACHS HAVE WAIVED ANY CHALLENGES TO
      THE SUMMARY JUDGMENT ON THEIR CLAIMS FOR
      "NEGLIGENCE," "CONSPIRACY TO DEFRAUD," AND FOR
      "RESTITUTION AND RESCISSION" ........................................................22

IX.   CONCLUSION.............................................................................................23

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alliance Mortg. Co. v. Rothwell*,
10 Cal.4th 1226 (1995) .................................................................................19

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986).................................................................................4, 17

*Brandon G. v. Gray*,
111 Cal.App.4th 29 (2003) ............................................................................12

*Broberg v. Guardian Life Ins. Co. of Am.*,
171 Cal.App.4th 912 (2009) ..........................................................................19

*Brookwood v. Bank of Am.*
45 Cal.App.4th 1667 (1996) ..........................................................................15

*Brownfield v. City of Yakima*,
612 F.3d 1140 (9th Cir. 2010) .................................................................20, 22

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)........................................................................................17

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*,
626 F.3d 483 (9th Cir. 2010) ...................................................................20, 22

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) .......................................................................12

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) .......................................................................19

*Emery v. Visa Int'l Serv. Ass'n*,
95 Cal.App.4th 952 (2002) ............................................................................21

*FreecycleSunnyvale v. Freecycle Network*,
626 F.3d 509 (9th Cir. 2010) ...........................................................................4

*Gilmour v. Gates, McDonald & Co.*,
382 F.3d 1312 (11th Cir. 2004) .......................................................................9

- ii -

*Glenn K. Jackson Inc. v. Roe*,
    273 F.3d 1192 (9th Cir. 2001) ...........................................................21

*Guido v. Koopman*,
    1 Cal.App.4th 837 (1991) ...................................................................19

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
    494 F.3d 1203 (9th Cir. 2007) ...........................................................10

*Hawn v. Exec. Jet Mgmt., Inc.*,
    615 F.3d 1151 (9th Cir. 2010) .............................................................4

*Horphag Research Ltd. v. Garcia*,
    475 F.3d 1029 (9th Cir. 2007) ...........................................................17

*In re Ahaza Sys., Inc.*,
    482 F.3d 1118 (9th Cir. 2007) .............................................................4

*Jolly v. Eli Lilly & Co.*,
    44 Cal.3d 1103 (1988) ........................................................................12

*Kline v. Turner*,
    87 Cal.App.4th 1369 (2001) ...............................................................10

*Krantz v. BT Visual Images, L.L.C.*,
    89 Cal. App.4th 164 (2001) ................................................................21

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*,
    624 F.3d 1083 (9th Cir. 2010) .............................................................8

*Lazar v. Super. Ct.*,
    12 Cal.4th 631 (1996) ........................................................................18

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)...........................................................................17

*N. States Power Co. v. Federal Transit Admin.*,
    358 F.3d 1050 (8th Cir. 2004) .............................................................9

*Norgart v. Upjohn Co.*,
    21 Cal.4th 383 (1999) ........................................................................11

*OCM Principal Opportunities Fund v. CIBC World Markets Corp.*,
    157 Cal.App.4th 835 (2007) ................................................................14

*People v. Duz-Mor Diagnostic Lab., Inc.*,
    68 Cal.App.4th 654 (1998) ................................................................21

*Platt v. Elec. Supply, Inc. v. EOFF, Elec., Inc.*,
    522 F.3d 1049 (9th Cir. 2008) ...................................................11, 13

*Rita M. v. Roman Catholic Archbishop*,
    187 Cal.App.3d 1453 (1986) ............................................................13

*Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*,
    55 Cal.4th 1169 (2013) ....................................................................18

*Schmidt v. Contra Costa County*,
    693 F.3d 1122, 1132 (9th Cir. 2012) ................................................4

*Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson*,
    96 Cal.App.4th 884 (2002) ..............................................................13

*Snow v. A.H. Robins Co., Inc.*,
    165 Cal.App.3d 120 (1985) ..............................................................13

*Speer v. Rand McNally & Co.*,
    123 F.3d 658 (7th Cir. 1997) .............................................................9

*Tenzer v. Superscope, Inc.*,
    39 Cal.3d 18 (1985) .........................................................................18

*United States v. Graf*,
    610 F.3d 1148 (9th Cir. 2010) ...................................................20, 22

*USA Petroleum Co. v. Atl. Richfield Co.*,
    13 F.3d 1276 (9th Cir. 1994) .............................................................5

*W. Radio Servs. Co. v. Qwest Corp.*,
    678 F.3d 970 (9th Cir. 2012) ...............................................20, 22, 23

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
    435 F.3d 989 (9th Cir. 2006) .............................................................9

*Wilhelm v. Pray, Price, Williams & Russell*,
    186 Cal.App.3d 1324 (1986) ..............................................................................18

**STATUTES**

United States Code
    Title 12
        § 2601 et seq. ......................................................................................1
    Title 15
        § 1601 et seq. ......................................................................................1
    Title 28
        § 1291 ..................................................................................................1
        § 1331 ..................................................................................................1

Business and Professions Code
        § 17200 ..........................................................................1, 3, 5, 20, 21

Code of Civil Procedure
        § 338 ..................................................................................................10

**RULES**

Federal Rules of Appellate Procedure
        Rule 15 ................................................................................................9
        RULE 28 ..............................................................................................22

**OTHER AUTHORITIES**

10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE,
    FEDERAL PRACTICE AND PROCEDURE § 2723 (3d ed. Supp. 2005) ......................9

# I.

## JURISDICTIONAL STATEMENT

The district court had federal question jurisdiction of this case under 28 U.S.C. § 1331, as plaintiffs/appellants Stephen and Donna Chohrach's complaint alleged claims under two federal statutes:  the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601 et seq.) and the Truth in Lending Act ("TILA") (15 U.S.C. § 1601 et seq.).  Supp. E.R. 26-31.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

A final judgment of dismissal was entered on July 17, 2012.  E.R. 6.  The Chohrachs filed their notice of appeal on August 15, 2012.  E.R. 4-5.

# II.

## ISSUE FOR REVIEW

Did the district court err in granting Bank of America, N.A. and BAC Home Loans Servicing, LP (collectively, "BofA") summary judgment on the Chohrachs' causes of action for fraud and violation of California Business and Professions Code § 17200 (the "UCL")?

# III.

## STATEMENT OF THE CASE

### A.     Substantive Facts

The Chohrachs hired Timothy Darcey, an employee of C&M McGee, Inc. ("McGee"), to broker a refinance loan.  Supp. E.R. 14.  Darcey allegedly

represented to them that "he would ensure they got a permanent 30-year fully amortized fixed rate loan for permanent financing." *Id*. at 14-15. The Chohrachs contend that Darcey tricked them into an adjustable rate loan with an interest-only payment feature so that he could earn higher fees. *Id*. at 16.

Darcey submitted a $908,000 refinance loan application to BofA on the Chohrachs' behalf. E.R. 307-308; 392-397. The application, signed by the Chohrachs, describes the loan as "NET 5 INTEREST ONLY ARM – NEP." *Id*. at 109, 397, 505, 510, 522. BofA approved the loan application with a letter giving the "loan type" as "NET 5 NO HLV NO CONV NON CONF." The approval was faxed to Darcey. *Id*. at 309-11; 390.

BofA then prepared loan documents for a $908,000, 30-year loan, with a 5-year, 6.5% interest rate that began adjusting in 2012. *Id*. at 316-21. The promissory note prominently stated "ADJUSTABLE RATE NOTE" in all-caps at the top of the first page. *Id*. at 316. The deed of trust contained an adjustable rate rider that stated in bold and all-caps that the loan contained an adjustable interest rate feature. *Id*. at 338-43.

BofA sent the loan documents to an escrow agent selected by Darcey. *Id*. at 312-13. The Chohrachs executed the note and the deed of trust on December 2, 2006, and received copies of both at that time. *Id*. at 278-79; 282-84; 316-21; 323-44.

A day or two after closing, Mr. Chohrach examined the documents and discovered that the loan was not fixed rate.  *Id.* at 148; 195-96; Supp. E.R. 16. Seeing the interest-only term, Mr. Chohrach contacted Darcey.  E.R. 148; 195-96. Darcey allegedly responded "that they should not worry and promised that they could refinance at any time and the only cost would be the cost of obtaining an appraisal."  Supp. E.R. 16.  They also aver that he convinced them that "a 5-year interest only loan was not very different from a 30-year fixed interest rate loan …." *Id.* at 16; *see also id.* at 18.

BofA serviced the loan after it was originated until late 2011, when it transferred the loan servicing function to E*Trade.  E.R. 295.

**B.     Proceedings Below**

The Chohrachs filed their complaint in Stanislaus County Superior Court against BofA and McGee on September 21, 2010.  Supp. E.R. 8.  The complaint asserted eight causes of action, including claims under TILA and RESPA.[1]  *Id.* at 8-34.  BofA removed the action to the United States District Court for the Eastern District of California on the basis of federal question jurisdiction.  *Id.* at 1-3.

---

[1] The complaint contained causes of action for (1) fraud; (2) constructive fraud; (3) conspiracy to defraud; (4) negligence; (5) unlawful/unfair business practices in violation of the UCL; (6) TILA; (7) RESPA; and (8) restitution and rescission.

Both BofA and McGee moved for summary judgment.  E.R. 398-426; 427-443.[2]  The trial court granted the motions  (*id*. at 7-15; 17-27) and entered judgment in favor of the defendants on July 17, 2012 (*id*. at 6; 16).  The Chohrachs filed a notice of appeal on August 15, 2012.  *Id*. at 4-5.

## IV.

## STANDARDS OF REVIEW

The Court reviews summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party in determining whether there are any genuine issues of material fact.  *Schmidt v. Contra Costa County*, 693 F.3d 1122, 1132 (9th Cir. 2012); *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010).  A factual dispute is genuine only if a reasonable trier of fact could find in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A mere scintilla of evidence supporting a nonmovant's position is insufficient to withstand summary judgment.  *In re Ahaza Sys., Inc*., 482 F.3d 1118, 1128 (9th Cir. 2007).

The Court may affirm summary judgment on any basis supported by the record even if the district court ruled on other grounds.  *Hawn v. Exec. Jet Mgmt.,*

---

[2] The Chohrachs did not oppose summary judgment on their causes of action for "constructive fraud," and their claims based on alleged violations of TILA and RESPA.  E.R. 20, 21.

*Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010); *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir. 1994).

## V.

### SUMMARY OF ARGUMENT

The Chohrachs allege that their loan broker, Timothy Darcey, promised to get them a 30-year fixed rate loan, but instead placed them in an adjustable rate loan. They sought to hold both Darcey and BofA liable on a number of claims below, but now argue that summary judgment was improperly granted on just two: their causes of action for fraud and violation of the UCL. Both claims against BofA in turn are based on two alleged misrepresentations: (1) that BofA told them that they could refinance their adjustable rate loan "at any time" to convert it into a fixed rate loan, and (2) that BofA represented there was no real difference between the loan they obtained and a 30-year fixed rate loan.

The district court properly granted BofA's summary judgment motion. The alleged misrepresentations do not support the Chohrachs' fraud claim or their derivative UCL action. The Chohrachs' complaint alleges that these statements were made by Darcey only. Not until opposing summary judgment did the Chohrachs claim that BofA made these statements as well. A party may not evade summary judgment with newly minted factual allegations.

The Chohrachs virtually concede in their opening brief that the statement that there was no real difference between a 30-year fixed rate loan and the one they obtained is barred by the three-year limitations period applicable to fraud.  The Chohrachs discovered they did not get this type of loan a day or two after the loan closing on December 2, 2006.  In addition to this fraud claim being time-barred, the Chorachs have never even hinted at how they actually relied on this statement to their detriment other than suggesting that they chose not to refinance with another loan.  But they admit themselves they could not refinance due to a host of personal issues.

The Chohrachs offered no evidence that the supposed statement that they could refinance and convert their loan at any time was false when made.  On appeal, they argue they only have to come forward with evidence of falsity if the moving party first shows that the statement was true.  This is not how summary judgment works.  The Chohrachs cannot avoid summary judgment without offering some evidence to create a triable issue of fact.  As they did not, summary judgment was properly granted.

Summary judgment was also properly granted because the Chohrachs could not have reasonably relied on a blanket promise that they could refinance their loan at any time without regard to future circumstances.  Having been through the mortgage loan application at least twice in recent years, the Chohrachs understood

that refinancing a loan involves a number of factors—such as their ability to repay, their creditworthiness, the value of the security they offer, and fluctuating interest rates to name a few—that cannot be predicted with certainty in advance.

Finally, summary judgment was properly granted on the Chohrachs' claims for negligence, conspiracy to defraud, and for restitution and rescission. The Chohrachs make no argument regarding these claims and have therefore waived any potential error respecting them on appeal.

## VI.

## THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT ON THE CHOHRACHS' FRAUD CLAIM

The district court properly granted summary judgment in BofA's favor on the Chohrachs' mutated fraud claim.

### A.    The Chohrachs Cannot Evade Summary Judgment Based On Newly Minted Claims Not Made In Their Complaint

The Chohrachs based their opposition to BofA's summary judgment motion, and now premise their appeal, on two purported misrepresentations: First, "that they could refinance 'at any time'" without any additional fees or costs, save for an appraisal, and "could convert their loan to a fixed rate loan." A.O.B. 3.[3] Second, that "there was no difference between the 30-year fixed rate loan" and "the 5-year interest only loan." *Id*. at 3; *see also id*. at 11 (they were promised that "they

---

[3] *See also* E.R. 253.

would be able to refinance the loan or convert it, and, because they could, that there was no real difference in what was promised versus what they received.").

The misrepresentations are clearly attributed solely to Darcey in the Chohrachs' complaint.[4]  They are not asserted against BofA.[5]  The Chohrachs made these allegations that "[t]he representation regarding the refinancing/ conversion and the representation that the loans were the same were made both by MCGEE (through DARCEY) and BofA" for the first time in their opposition to the summary judgment and in Mrs. Chohrach's declaration opposing the summary judgment motion.  A.O.B., 18.

A party may not oppose a summary judgment motion with factual allegations not pleaded in their complaint.  *See, e.g., La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir.

---

[4] "Darcy told Plaintiffs that they should not worry and promised that they could refinance at any time and the only cost would be the cost of obtaining an appraisal;" "Further he [Darcey] convinced the Plaintiffs that a 5-year interest only loan was not very different from a 30-year fixed interest rate loan ….;" "Darcy promised to Plaintiffs that they would be able to refinance the loan at any time without much cost, falsely assured Plaintiffs that they received a 5-year interest only loan, and misinformed Plaintiffs that the 5-year interest only Subject Loan is not much different form a 30-year fixed interest rate loan."  Supp. E.R. 16, 18.

[5] The misrepresentations attributed to BofA in the complaint are these:  "In or about December 2006, LENDER made the following false representations to Plaintiffs through the notary as agent for LENDER:  (a) the Subject Loan documents were standard forms, and (b) Plaintiffs should sign the Subject Loan documents without reading the terms of the loan."  Supp. E.R. 19.

2010) ("Given its inadequate pleading… [plaintiff] may not effectively amend its Complaint by raising a new theory of standing in its response to a motion for summary judgment."); *Wasco Prods., Inc. v. Southwall Techs., Inc*., 435 F.3d 989, 992 (9th Cir. 2006) (a party may not oppose summary judgment on grounds not at issue under the pleadings).[6]

The Chohrachs cannot avoid summary judgment with newly manufactured claims. When it became clear BofA could not be held vicariously liable for their own loan broker's misstatements, the Chohrachs shifted course to say that BofA made the exact same statements as their loan broker and was therefore directly liable for these representations. The Chohrachs did not seek leave to amend to plead these claims against BofA. Hence, their new facts must be disregarded.

---

[6] *See also N. States Power Co. v. Federal Transit Admin*., 358 F.3d 1050, 1057 (8th Cir. 2004) (while pleading requirements may be "relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment."); *Gilmour v. Gates, McDonald & Co*., 382 F.3d 1312, 1314-15 (11th Cir. 2004) (per curiam) (holding that a plaintiff could not raise a new claim in response to a summary judgment motion); *Speer v. Rand McNally & Co*., 123 F.3d 658, 665 (7th Cir. 1997) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.") (citations omitted); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2723 (3d ed. Supp. 2005) ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).").

Summary judgment was properly entered against them on the facts and theories their complaint alleged.

### B. The Alleged Representation That The Loan Obtained Was The Same As A 30-Year Fixed Rate Loan Is Time-Barred

Even considering the Chohrachs' late-raised "facts," summary judgment was properly entered against them as the Chohrachs' fraud claim was time-barred. BofA's supposed misrepresentations were made in December 2006. A.O.B. 11-12. The Chohrachs filed this lawsuit more than three years later on September 21, 2010. Supp. E.R. 8.

Fraud claims are subject to a three-year limitations period which runs from "discovery" of the fraud. CAL. CODE CIV. PROC. § 338(d). "The courts interpret discovery in this context to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing." *Kline v. Turner*, 87 Cal.App.4th 1369, 1374 (2001); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) ("All that is relevant is that a reasonable person … would have been on notice of a potential misrepresentation. This is the date that the complaining party learns, or at least is put on notice, that a representation is false.").

In their opening brief, the Chohrachs all but concede that they were "beyond the statute of limitations on the claim that the loan was not what was promised

verbally ….”  A.O.B. 11.[7]  As the district court noted and as the Chohrachs acknowledge, “[i]t is undisputed that Plaintiffs learned that the loan they had received did not match their expectations a day or two after the December 2, 2006, closing.”  E.R. 21; *see also* A.O.B. 3 (“When Plaintiffs initially spoke with a representative of BofA after closing, Plaintiffs were informed that they did not receive the 30-year fixed interest rate loan, which was promise[d] ….”)

Hence, the clock began ticking on the fraud claim in early December 2006 when the Chohrachs not only suspected, but knew that the loan was not a 30-year fixed rate loan:

> [T]he statute of limitations on a claim begins to run when the plaintiff “at least suspects a factual basis, as opposed to a legal theory” of some wrongdoing, and has “reason to suspect when he has notice of information of circumstances to put a reasonable person on inquiry.” Norgart v. Upjohn Co., 21 Cal.4th 383, 397-98 (1999) (internal citations and quotations omitted).

E.R. 21; *see also Platt v. Elec. Supply, Inc. v. EOFF, Elec., Inc*., 522 F.3d 1049, 1054-58 (9th Cir. 2008) (once a plaintiff at least suspects that a type of wrongdoing has injured him, he has an affirmative duty to conduct a reasonable investigation,

---

[7] *See also* A.O.B. 17 (“The representation about being able to refinance or convert is separate from the representation that the loan Plaintiffs received was the same as the one they intended.  Each is analysed [sic] separately for statute of limitations purposes.”).

and is charged with the information that would have been revealed by such an investigation).

The Chohrachs knew they had received a loan that differed from the one they had been told they would get. That discrepancy was more than sufficient "factual basis" for a reasonable person to suspect some wrongdoing. And the Chohrachs actually did suspect wrongdoing, questioning Darcey about why the loan was not as represented.[8] *See* A.O.B., 11 ("Logically, they [the Chohrachs] called Defendants on this ….). That was all that was needed to start the three-year limitations period running. *Brandon G. v. Gray*, 111 Cal.App.4th 29, 35 (2003) (*quoting Jolly v. Eli Lilly & Co*., 44 Cal.3d 1103, 1109-11 (1988)) ("The period of limitations, therefore, will begin to run when the plaintiff has a 'suspicion of wrongdoing'; in other words, when he or she has notice of information of circumstances to put a reasonable person on inquiry.").

Although the Chohrachs do not develop the argument, they suggest that the misrepresentation about the nature of the loan was fraudulently concealed by the latter misrepresentation about being able to refinance at any time, that is to say, that BofA placated their concerns and lulled them into inaction by promising they

---

[8] *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) ("[Plaintiff's] requests for repair discounts after the warranty period expired, along with his efforts to videotape his repair process (apparently in preparation for litigation) both imply a suspicion of wrongdoing ….").

could convert to the 30-year fixed rate loan in the future. They implicitly argue this latter statement tolled the statute of limitations.[9]

The fraudulent concealment doctrine, however, "'does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim.'" *Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal.App.4th 884, 890-91 (2002) (abrogated on other grounds) (quoting *Rita M. v. Roman Catholic Archbishop*, 187 Cal.App.3d 1453, 1460 (1986)).

As previously discussed, the Chohrachs were both on notice of a potential claim and under a duty to investigate the suspected wrongdoing when they discovered they did not get a 30-year fixed rate loan a day or two after the loan closing. Thus, the claims was not tolled under the fraudulent concealment doctrine. The Chohrachs knew they did not get a 30-year fixed rate loan on December 3 or 4, 2006, and suspected some sort of wrongdoing then. They were not permitted to delay investigation or to take action until September 21, 2010, when they filed this lawsuit. The purported misrepresentation about the nature of the loan is time-barred.

---

[9] "'With respect to actions based on fraud, the statute of limitations is tolled whenever plaintiff is able to show the defendant fraudulently concealed facts which would have led him to discovery his potential cause of action.'" *Platt*, 522 F.3d at 1056-57 (quoting *Snow v. A.H. Robins Co., Inc*., 165 Cal.App.3d 120, 127-28 (1985)).

**C.      The Chohrachs Offer No Evidence Or Argument Demonstrating They Relied On The Supposed Statement That The Loan Obtained Was The Same As A 30-Year Fixed Rate Loan**

In addition to being time-barred, the supposed representation that the Chohrachs obtained as loan equivalent to a 30-year fixed rate loan fails in the absence of any evidence of justifiable reliance by the Chohrachs.  "To establish this element of fraud [justifiable reliance], plaintiffs must show (1) that they actually relied on the defendant's misrepresentations, and (2) that they were reasonable in doing so."  *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal.App.4th 835, 863 (2007).

The Chohrachs' fraud claim lacks evidence of either.  Neither below or on appeal have they forwarded any evidence or cogent argument about how they actually relied on this statement.  They suggest that they would have refinanced had they known they did not get a 30-year fixed rate loan.  But they rebut this notion themselves.  They state that they "felt as though they had no choice but to accept the loan because the construction loan was due on December 17, 2006, and the delay in locking and closing the rates left no time to look for other financing."  A.O.B. 3.  And they add that they "did not attempt to refinance the Subject Loan immediately, due to personal issues and issues with the house."  A.O.B. 4.  Other than not refinancing, which they acknowledge they could not do in any event, the Chohrachs never demonstrated reliance on the purported misrepresentation.

And the Chohrachs could not have reasonably relied on any statement that they the loan they received was the same as a 30-year fixed interest rate loan because they reviewed the loan documents clearly showing they did not receive that type of loan.  *See Brookwood v. Bank of Am.* 45 Cal.App.4th 1667, 1674 (1996) ("when [the] plaintiff could have ascertained the truth through the exercise of reasonable diligence," he or she cannot establish reasonable reliance).

Mr. Chohrach reviewed the loan documents a day or two after closing and before he spoke with BofA.  The promissory note prominently discloses on the top of the first page in bold all-caps "**ADJUSTABLE RATE NOTE.**"  E.R. 316.  This is followed immediately with this statement:

> **THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. INCREASES IN THE INTEREST RATE WILL RESULT IN HIGHER PAYMENTS.  DECREASES IN THE INTEREST RATE WILL RESULT IN LOWER PAYMENTS.**

E.R. 316.

Page two of the promissory note contains a section detailing the interest rate of the loan.  It starts of by explaining that "The interest rate I will pay may change on the FIRST day of JANUARY, 2012 and on that day every 12TH month thereafter."  E.R. 317.

The deed of trust the Chohrachs signed and that Mr. Chohrach reviewed after closing is equally explicit about the loan being adjustable rate.  It contains an "Adjustable Rate Rider" with the same disclosures provided in the promissory note.  E.R. 338.

Mr. Chohrach saw for himself that he did not obtain a 30-year fixed rate loan.  He could not have reasonably relied on someone else's statement that he did.

As there is no evidence of justifiable reliance, summary judgment was properly granted on this part of the fraud claim.

**D.    The Chohrachs Offered No Evidence That The Alleged Representation That They Could Refinance At Any Time Was Untrue When Made Or That They Justifiably Relied On It**

The Chohrachs contend that other alleged misrepresentation—that they could refinance at any time—is not time-barred and that they justifiably relied on it.  The Chohrachs argue that "[i]t was not until June 2010" when their loan modification application was denied that they learned the "representations that they could refinance or convert their loan were not true."  A.O.B. 17.  As a result, they contend the representation that they could refinance "at any time" is not time-barred.

Whether timely or not, the district court correctly granted summary judgment on other, independently sufficient grounds:  (1) the Chohrachs offered no evidence this statement was false when made, and (2) the Chohrachs could not

have justifiably relied on a blanket promise to refinance at any time and under any circumstances.

The district court found that "Plaintiffs have not provided evidence that the alleged statement made by a BofA representative that Plaintiffs could refinance the loan later was false at the time it was made." E.R. 24.

The Chohrachs' objection to this is that the burden never shifted to them to do so. As they put it, "before Chohrachs present evidence of the statement's truth, Darcy had to deny he made these statements." *See* A.O.B. 17.

This misapprehends the nature of the shifting summary judgment burdens. While the moving party may have the initial burden of demonstrating there are no genuine issues of material fact (*Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007)), the non-movant must still present specific and supported material facts to preclude summary judgment (*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 n.11 (1986)). If neither side presents any evidence, a plaintiff does not prevail by default, a defendant does. *Anderson*, 477 U.S. at 252 ("there must be evidence on which the jury could reasonably find for the plaintiff.").

The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. The moving

party need not provide any evidence at all on matters as to which the opposing party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Here the Chohrachs adduced no evidence that this statement was false when made or made without a reasonable belief that it was true. They created no issue of fact on this necessary fraud element.[10] *See, e.g., Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal.4th 1169, 1183 (2013) ("the intent element of promissory fraud entails more than proof of an unkept promise or mere failure of performance."); *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 31 (1985) ("if plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance of an oral promise, he will never reach a jury."). There is, then, no genuine issue of material fact.

In addition, the Chohrachs' fraud claim also fails for lack of justifiable reliance. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332 (1986) (a plaintiff must also show that his or her reliance was on the allege misrepresentation was justifiable; i.e., that the circumstances were such as to make

---

[10] "The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Super. Ct.*, 12 Cal.4th 631, 638 (1996) (citations omitted).

it reasonable for the plaintiff to accept the defendant's statements without an independent inquiry or investigation).

It was not reasonable for the Chohrachs to rely on a blanket promise that they could refinance their mortgage loan at any time in the future under any circumstances. Their only rejoinder is a conclusory assertion that this is a jury issue. A.O.B. 16-17. While the Chohrachs are correct that reasonable or justifiable reliance is ordinarily a question of fact, "whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts." *Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991); *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163-64 (9th Cir. 2012). Whether reliance on a representation is "justifiable" or "reasonable" is determined in light of the plaintiff's own knowledge and experience. *See Alliance Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1240 (1995); *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal.App.4th 912, 921 (2009).

The Chohrachs have applied for and obtained at least two home mortgage loans in recent years. Supp. E.R. 14-15. Based on this experience, they knew that obtaining a mortgage loan is contingent upon a number of factors. Whether a borrower will qualify for a loan at some point in the future depends on his or her income and assets, credit rating, the value of the property that would secure such a loan, the lender's standards at that time, prevailing market interest rates,

governmental and regulatory policies, and innumerable other factors.  It is simply not reasonable to rely on a prediction that one may, in the future, qualify for a new mortgage loan.

The Chohrachs demonstrated no genuine issue of material fact.  Summary judgment was correctly granted on their fraud claim.

## VII.

## SUMMARY JUDGMENT WAS PROPERLY GRANTED ON THE DERIVATIVE SECTION 17200 CLAIM

The district court also correctly granted summary judgment on the Chohrachs' claim based on California Business and Professions Code § 17200. The Chohrachs present no cogent analysis of any error in the district court's reasoning or holding and therefore have waived any alleged error on appeal.  *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012); *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues [that] are argued specifically and distinctly in a party's opening brief.") (citation omitted); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

Moreover, what little argument the Chohrachs present on appeal does not relate to BofA; it concerns only alleged misrepresentations by the broker. They argue:

> Here, Plaintiffs provide evidence that they were given a mortgage loan different than the one described *by their broker.* (ER 232: 11-14). Plaintiffs further relied *on their broker's representation* that the mortgage loan they received could be refinanced "at any time." (ER 232: 17). Plaintiffs later learned that both of these representations were false. (ER 234: 2-3). Thus, Plaintiffs have have [sic] established triable facts, which illustrate fraudulent business practices on the part of Defendants. Consequently, Defendants' Motions for Summary Judgment should not have been sustained by the District Court.

A.O.B. 20 (emphasis added).

While the Chohrachs seek to hold "Defendants" liable under section 17200, their allegations relate only their broker. BofA cannot be held vicariously liable for the alleged actions of the broker under section 17200. *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002).

A further point shows why the summary judgment was proper on this claim. The Chohrachs are basing the section 17200 claim on the defendants' alleged fraud. Since the district court correctly held that they could not establish fraud, this derivative action based on fraud also fails. *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App.4th 164, 178 (2001) (the viability of a § 17200 claim stands or falls with the antecedent substantive causes of action); *People v. Duz-Mor Diagnostic*

*Lab., Inc.*, 68 Cal.App.4th 654, 673 (1998) (a defense to the underlying offense is a defense under § 17200); *see also Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing § 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law).

Accordingly, there is no triable issue of material fact on the section 17200 action.

## VIII.

## THE CHOHRACHS HAVE WAIVED ANY CHALLENGES TO THE SUMMARY JUDGMENT ON THEIR CLAIMS FOR "NEGLIGENCE," "CONSPIRACY TO DEFRAUD," AND FOR "RESTITUTION AND RESCISSION"

The Chohrachs neither mention nor brief their third cause of action for "conspiracy to defraud" or their eighth cause of action for "restitution and rescission." And their negligence claim is only mentioned in passing in arguments related to their fraud claim. *See* A.O.B. 10, 18. There is no argument or analysis about the trial court's granting of summary judgment on these causes of action. The Chohrachs have waived any errors related to these claims.

An appellants' opening brief must contain the appellants' "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies …." FED. R. APP. P. 28(a)(9)(A). Failure to provide meaningful argument or reasoning supporting a contention constitutes a waiver or abandonment of the issue on appeal. *W. Radio Servs. Co.*, 678 F.3d at 979;

*Christian Legal Soc'y*, 626 F.3d at 487-88; *Brownfield*, 612 F.3d at 1149 n.4 ("We review only issues [that] are argued specifically and distinctly in a party's opening brief."); *Graf*, 610 F.3d at 1166 ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

The Court does not "consider matters on appeal that are not specifically and distinctly argued in appellants' opening brief." *Christian Legal Soc'y*, 626 F.3d at 487 (citation omitted). And the Court "will not do … appellant[s'] work for [them], either by manufacturing [their] legal arguments, or by combing the record on [their] behalf for factual support." *W. Radio Servs*., 678 F.3d at 979.

The Chohrachs make no specific and distinct arguments concerning their negligence, conspiracy to defraud, or restitution and rescission claims. Accordingly, they have waived any potential issues on appeal.

## IX.

## CONCLUSION

For the reasons stated above, the summary judgment in favor of BofA should be affirmed.

DATED:  March 22, 2013          SEVERSON & WERSON
                                A Professional Corporation


                                By:    _/s/ Jon D. Ives_____
                                          Jon D. Ives

                                Attorneys for Defendants and Respondents
                                Bank of America, N.A. and
                                BAC Home Loans Servicing, LP

# STATEMENT OF RELATED CASES

Defendants/appellees are unaware of any cases that are now pending or were pending in this Court which are related to this appeal.

Dated:  March 22, 2013

*/s/ Jon D. Ives*

_____

Jon D. Ives

## CERTIFICATE OF COMPLIANCE
## With Type-Volume Limitation, Typeface Requirements,
## and Type Style Requirements
[Fed. R. App. P. 32(a)(7)(B)]

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because this brief contains 5,356 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word for Windows 2010, in Times New Roman, 14 point type.

Dated:  March 22, 2013

/s/ *Jon D. Ives*

_____
Jon D. Ives